PHILIP OTTAVIANI *vs.* ROBERT J. HILL, JR. January 29, 1965. Exceptions overruled. This is an action of tort to recover damages for personal injuries sustained by the plaintiff by reason of the negligence of the defendant in the operation of a motor vehicle. The case was heard before an auditor, whose findings of fact were not final. The auditor concluded that the "plaintiff's own conduct contributed to the cause of his injuries" and that he "voluntarily assumed the risk of being injured by the defendant." At a trial before a jury there was a verdict for the plaintiff. The defendant excepted to the denial of his motion for a directed verdict

and to the trial judge's refusal to instruct the jury that if the "plaintiff's injuries resulted from wilful conduct on the part of the defendant, the jury . . . [are] required to return a verdict for the defendant." On the day of the accident, the defendant and his companions caused damage to a restaurant which the plaintiff assisted in operating. They thereupon ran out of the restaurant to a parking lot across the street. The plaintiff followed them there and stood in the center of one of the two "entrance-exit" driveways. After waiting a few minutes he saw the car driven by the defendant proceeding toward the exit. The plaintiff began to write the registration number of the car, put up his hand and said, "In the name of the law, stop." "[T]here was room for the car to pass . . . on either side of him." The car continued to move forward without change of course or speed. The plaintiff tried "to jump out of the way" but was "struck" by the car. "The defences of assumption of risk and contributory negligence . . . are ordinarily questions for the jury." *Luz* v. *Stop & Shop, Inc. of Peabody, ante,* 198, 205. Furthermore, there was ample evidence of negligence on the part of the defendant. Accordingly, the judge was right in denying the defendant's motion for a directed verdict. On the other hand, there was no evidence of "wilful conduct" by the defendant. Therefore, the judge correctly refused to give the requested instruction. *Salem Glass Co.* v. *Joseph Rugo, Inc.* 343 Mass. 103, 105.

*Frank P. Hurley* for the defendant.
*Elbert Tuttle* for the plaintiff.